# U.S. Bankruptcy Appellate Panel
# of the Ninth Circuit

125 South Grand Avenue, Pasadena, California 91105
Appeals from Central California (626) 229-7220
Appeals from all other Districts (626) 229-7225

**FILED**

**Apr 22, 2011**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

**In Re:** MICHAEL T. CAREY; LEONE R. CAREY

**BAP No.:** EC-11-1146

**Bk. Ct. No.:** 04-29060

**ADV. NO.:** 04-2548

CAED Case # 2:11-cv-1092 FCD

## NOTICE OF TRANSFER OF APPEAL TO DISTRICT COURT

A party to the appeal has timely filed an objection to the disposition of this matter by the Bankruptcy Appellate Panel. See 28 USC Section 158. Consequently, this appeal is herewith transferred to Sacramento.

Please acknowledge receipt of the case file listed above by signing and returning a copy of this transmittal form.

Susan M Spraul, BAP Clerk

By: Vicky Jackson-Walker, Deputy Clerk
Date: April 8, 2011

Please acknowledge receipt of
the case file listed above.
Dated:_____

Signed:_____
        District Court Deputy

Assigned District Court No.

_____

cc: Bankruptcy Court
    All Parties

1  BENJAMIN B. WAGNER
2  United States Attorney
3
4  ADAM D. STRAIT
5  Trial Attorney, Tax Division
6  U.S. Department of Justice
7  P.O. Box 683
8  Ben Franklin Station
9  Washington, D.C. 20044-0683
10 adam.d.strait@usdoj.gov
11 Telephone: (202) 307-2135
12 Facsimile: (202) 307-0054
13
14 Attorneys for the United States of America
15
16
17
18              IN THE UNITED STATES BANKRUPTCY
19
20          APPELLATE PANEL FOR THE NINTH CIRCUIT
21
22 In re:                              BAP No. EC-11-1146
23
24 MICHAEL T. CAREY and               Bankr. No. 04-29060-B-7 (Bankr. E.D. Cal.)
25 LEONE R. CAREY, Debtors.
26                                     Adv. Pro. No. 04-2548
27
28 UNITED STATES OF AMERICA,          **UNITED STATES' STATEMENT OF**
29                                     **ELECTION TO HAVE APPEAL**
30          Plaintiff,                 **HEARD BY DISTRICT COURT**
31
32 v.
33
34 MICHAEL T. CAREY and LEONE R.
35 CAREY,
36
37          Defendants.
38
39
40      On April 1, 2011, Defendants Michael and Leone Carey filed a Notice of Appeal in

41 Adversary Proceeding No. 04-2548 (Bankr. E.D. Cal.). (ECF No. 80.) Plaintiff, the United

42 States, hereby respectfully elects to have the appeal heard by the United States District Court for

U.S. Election of Appeal to District Court                              Page 1 of 3

6705264.1

1  the Eastern District of California.  This election is made pursuant to 28 U.S.C. § 158(c)(1)(B)

2  and Federal Rule of Bankruptcy Procedure 8001(e).

3       Accordingly, the United States respectfully requests that the Clerk of the Bankruptcy

4  Appellate Panel transfer the appeal to the United States District Court for the Eastern District of

5  California.

6

7

8  Respectfully submitted this 7th day of April, 2011.

9                                                     BENJAMIN B. WAGNER
10                                                    United States Attorney
11
12                                                    /s/
13                                                    ADAM D. STRAIT
14                                                    Trial Attorney, Tax Division
15                                                    U.S. Department of Justice
16                                                    P.O. Box 683
17                                                    Washington, D.C.  20044-0683
18                                                    adam.d.strait@usdoj.gov
19                                                    Telephone: (202) 307-2135
20                                                    Facsimile: (202) 307-0054
21
22                                                    Attorneys for the United States of America
23

U.S. Election of Appeal to District Court                          Page 2 of 3

6705264.1

42

1
2
3

**CERTIFICATE OF SERVICE**

I, Adam D. Strait, the undersigned, hereby certify that on April 7, 2011, I sent, by Federal

Express, this Election to the Clerk of the Bankruptcy Appellate Panel for filing.  I further certify

that on the same date, I served a copy of the same document by first-class mail, postage prepaid,

on the following persons at the following addresses:

Michael T. Carey
2205 Hilltop Drive, # 147
Redding, CA 96002

Leone R. Carey
2205 Hilltop Drive, # 147
Redding, CA 96002

Date: April 7, 2011

/s/
ADAM D. STRAIT
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C.  20044-0683
adam.d.strait@usdoj.gov
Telephone: (202) 307-2135
Facsimile: (202) 307-0054

RECEIVED
Susan M. Spraul, Clerk
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

# BANKRUPTCY APPEAL TRANSMITTAL FORM

APR – 5 2011

FILED _____

DOCKETED

TO:     Bankruptcy Appellate Panel of the Ninth Circuit
        125 S. Grand Avenue
        Pasadena, CA 91105

| FILED | DATE | INITIAL |
|---|---|---|
| **04/04/11** | | |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

FROM:   U.S. Bankruptcy Court
        Eastern District of California
        District Office No. 0972

DATE:   04/04/11

BAP#EC-11- 1146

Debtor(s) Name:  Michael T. Carey and Leone R. Carey

Bankruptcy Case No.  04-29060-B-7

Adversary Proceeding No.  04-2548

Docket Control No. _____

Bankruptcy Judge (who signed the order):  Holman

Date Notice of Appeal Filed:     4/1/11

Date of Entry of Order Appealed From:  3/7/11

Date Bankruptcy Case Filed:  9/7/04

Date Notice of Appeal and
Notice of Referral of Appeal Mailed to Parties:  4/4/11

Filing Fee Paid?  (Check One)   [ ]   Yes   [✓] No _____

Deputy Clerk
U.S. Bankruptcy Court

501 I Street, Suite 3-200
Sacramento, CA 95814-2322
(916) 930-4400

EDC 2-850 (Rev. 8/10/10)

2

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

In re   Michael T. Carey and Leone R.
        Carey

_____Debtor(s)_____

Internal Revenue Service

_____Plaintiff(s),

vs.

Michael T. Carey and Leone R.
Carey

_____Defendant(s)_____

```
FILED

04/04/11

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
```

Bankruptcy Case No.   04-29060-B-7

Adversary Proceeding No. 04-2548

Docket Control No.

## NOTICE OF REFERRAL OF APPEAL TO THE BANKRUPTCY APPELLATE PANEL OF THE NINTH CIRCUIT:

The attached Notice of Appeal has been filed with the Clerk of the U.S. Bankruptcy Court for the Eastern District of California.

**NOTICE IS HEREBY GIVEN** that by virtue of 28 U.S.C. §158, and orders of the Judicial Council of the Ninth Circuit and the U.S. District Court for the Eastern District of California, the appeal has been referred to the Bankruptcy Appellate Panel of the Ninth Circuit.

**NOTICE IS FURTHER GIVEN** that any party other than the appellant wishing to have the appeal heard by the U.S. District Court must, within 30 days of the date of this notice, file with the Clerk of the Bankruptcy Appellate Panel a separate written statement of election to transfer the appeal to the U.S. District Court for the Eastern District of California. Upon receipt of a timely statement of election, the Clerk of the Bankruptcy Appellate Panel shall transfer the appeal to the U.S. District Court for the Eastern District of California, in conformity with the foregoing orders and their provisions for election to district court.

For additional information, you may contact the Clerk of the Bankruptcy Appellate Panel for the Ninth Circuit at 125 S. Grand Ave., Pasadena, CA 91105 (telephone: (626) 229-7225).

Dated:  04/04/11

WAYNE BLACKWELDER, CLERK
U.S. BANKRUPTCY COURT

501 I Street, Suite 3-200
Sacramento, CA 95814-2322
(916) 930-4400
BY: _____
Deputy Clerk

EDC 5-563 (Rev. 9/1/10)





FILED

APR  1 2011

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

Michael T. Carey,
Leone R. Carey
2205 Hilltop Drive, #147
Redding, California 96002-0511

## UNITED STATES BANKRUPTCY COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: Michael T. Carey, )<br>Leone R. Carey, Debtors ) | Case No. 04-29060-B-7<br>Adv. Pro. No. 04-2548 |
| ) | |
| UNITED STATES OF AMERICA )<br>Plaintiff ) | CAREYS' NOTICE OF APPEAL |
| ) | |
| v. ) | |
| ) | |
| Michael T. Carey, and ) | |
| Leone R. Carey ) | |
| Defendants/Movants ) | |
| _____/ | |

COMES NOW, Michael T. Carey and Leone R. Carey to give

Notice of Appeal to the court and all parties, that on March 1,

2011, Judge Thomas C. Holman denied Defendant's (Careys) Motion

to Vacate a Void Judgment pursuant to FRBP 9024(b)(4) **(FRCivP**

**Rule 60(b)(4))**. The Careys have not received a minute order from

the Bankruptcy Clerk and therefore submit the Tentative Ruling

for that hearing March 1, 2011 at 9:32 a.m. - Page 9.

We swear under penalty of perjury the forgoing is true and
correct to the best of our knowledge.

Dated this March 30, 2011.

_____          _____
Michael T. Carey,  Seal          Leone R. Carey,  Seal.

4

**Tentative Ruling:** Due to the number of matters on this morning's three related calendars (57 matters), the court issues the following abbreviated tentative ruling.

The motion is denied.

The defendant debtors request that the judgment of nondischargeability entered against them on July 28, 2005 (the "Judgment")(Dkt. 65) pursuant to Fed. R. Civ. P. 60(b)(4), made applicable to this adversary proceeding by Fed. R. Bankr. P. 9024. The debtors argue that the Judgment is void. The debtors argue first that the Judgment is void because, following the court's decision that the plaintiff Internal Revenue Service (the "Service") was entitled to judgment on its claims for nondischargeability under 11 U.S.C. § 523, the court simultaneously entered judgment in favor the Service on those claims and ordered that the Service's remaining claims brought pursuant to 11 U.S.C. § 727 were dismissed pursuant to Fed. R. Bankr. P 7041. The debtors contend that because Fed. R. Bankr. P. 7041 cannot be used to dismiss individual claims for relief as opposed to entire actions, the court's order dismissing the Service's claims for relief under § 727 effectively dismissed and closed the entire adversary proceeding such that no judgment could be entered against the debtors. However, the fact that the court may have made a technical error in permitting dismissal of the § 727 claims pursuant to Bankruptcy Rule 7041 as opposed to requiring the service to seek amendment of its complaint under Bankruptcy Rule 7105 to eliminate the § 727 claims (see Ethridge v. Harbour House Restaurant, 861 F.2d 1389, 1392 (9th Cir. 1988)) is not a basis upon which the Judgment may be declared void under Rule 60(b)(4). A judgment is not void simply because it is or may have been erroneous. "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." United Student Aid Funds, Inc. v. Espinosa, 130 S.Ct. 1367, 1377 (2010). "Federal courts considering Rule 60(b)(4) motions that assert a judgment is void because of jurisdictional defect generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction." Id. (quoting Nemaizer v. Baker, 793 F.2d 58, 65 (2nd Cir. 1986).

In this case, the debtors have made no showing that the court lacked even an arguable basis for jurisdiction over either the subject matter of this adversary proceeding or the parties to it. There is no question here

that an adversary proceeding to determine the dischargeability of a debt
owed by debtors in bankruptcy, which is a core proceeding "arising under"
the Bankruptcy Code, is squarely within the court's jurisdiction. 28
U.S.C. § 1334(b). The fact that the court may have made an error in
entering an order that dismissed certain claims of the Service that the
court did not render judgment upon does not make the Judgment void.
The debtors also have not shown that there was any violation of due
process that deprived them of notice or an opportunity to be heard,
though the court construes their second argument that "fraud was not
litigated" in this adversary proceeding as an attempt to do so. That
argument is not persuasive because the debtors are plainly wrong. The
issue of the debtors' fraud was litigated in this adversary proceeding.
The debtors misread and selectively quote from the court's Memorandum
Decision on the Service's motion for partial summary judgment; the court
qualified its statement that "[t]he parties admittedly did not litigate
the issue of fraud or fraudulent returns" by pointing out that the issue
was not litigated "in any of the Tax Court proceedings" (Dkt. 45 at
7)(emphasis added). The court then went on to state that each of the
factual findings made by the Tax Court were entitled to preclusive
effect, and then went on to apply those factual findings to the standard
under 11 U.S.C. § 523(a)(1)(C), which provides that taxes are
nondischargeable to the extent that the debtor made a fraudulent return
or willfully attempted in any manner to evade or defeat such tax. The
court went on to conclude that certain portions of the Service's claims
were nondischargeable under § 523(a)(1)(C). In this manner the issue of
fraud was in fact litigated in this adversary proceeding; an evidentiary
hearing or trial was not required for the matter to be litigated. There
is no right to a trial where the evidence is so one sided that one party
must prevail as a matter of law. Anderson v. Liberty Lobby, Inc., 477
U.S. 242, 255 (1986).
Finally, the debtors' argument that the Judgment must be vacated because
they are entitled to a fresh start is not persuasive. As the United
States points out, it is not inconsistent with the policy of the fresh
start for honest debtors for debtors who engage in fraudulent conduct to
be denied that fresh start with respect to some debts.
The court will issue a minute order.
March 1, 2011 at 9:32 a.m. - Page 9

**FILED**

04/04/11

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**

In re                                       )        Bankruptcy Case No.  04-29060-B-7
                                            )
   Michael T. Carey and Leone R.    )        Adversary Proceeding No. 04-2548
   Carey                            )
                                            )        Docket Control No.
                                            )
_____ Debtor(s)  )

### CERTIFICATE OF MAILING

      The undersigned clerk in the Office of the United States Bankruptcy Court for this
district hereby certifies that copies of the **Notice of Appeal and Notice of Referral of
Appeal to the Bankruptcy Appellate Panel of the Ninth Circuit**  were mailed today to the
following parties at their respective addresses as shown in the Court's records:

Michael T. Carey and          United States Trusteee       Adam D. Strait
Leone R. Carey                501 I St #7-500              PO Box 683 Ben Franklin
2205 Hilltop Dr #147          Sacramento, CA 95814         Station
Redding, CA 96002                                          Washington, DC
                                                           20044-0683


Linda Schuette
PO Box 743
Palo Cedro, CA 96073


Dated: 04/04/11                          BY: _____
                                                       Deputy Clerk

EDC 3-071 (Rev. 8/10/10)



Michael T. Carey,
Leone R. Carey
2205 Hilltop Drive, #147
Redding, California 96002-0511



**FILED**

APR  1 2011

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

### UNITED STATES BANKRUPTCY COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: Michael T. Carey, )<br>Leone R. Carey, Debtors ) | Case No. 04-29060-B-7<br>Adv. Pro. No. 04-2548 |
| )<br>UNITED STATES OF AMERICA )<br>Plaintiff )<br>)<br>v. )<br>)<br>Michael T. Carey, and )<br>Leone R. Carey )<br>Defendants/Movants )<br>_____/ | **CAREYS' NOTICE OF APPEAL** |

COMES NOW, Michael T. Carey and Leone R. Carey to give
Notice of Appeal to the court and all parties, that on March 1,
2011, Judge Thomas C. Holman denied Defendant's (Careys) Motion
to Vacate a Void Judgment pursuant to FRBP 9024(b)(4) **(FRCivP
Rule 60(b)(4))**. The Careys have not received a minute order from
the Bankruptcy Clerk and therefore submit the Tentative Ruling
for that hearing March 1, 2011 at 9:32 a.m. - Page 9.

We swear under penalty of perjury the forgoing is true and
correct to the best of our knowledge.

Dated this March 30, 2011.

Michael T. Carey,   Seal          Leone R. Carey,   Seal.

8

**Tentative Ruling:** Due to the number of matters on this morning's three related calendars (57 matters), the court issues the following abbreviated tentative ruling.

The motion is denied.

The defendant debtors request that the judgment of nondischargeability entered against them on July 28, 2005 (the "Judgment")(Dkt. 65) pursuant to Fed. R. Civ. P. 60(b)(4), made applicable to this adversary proceeding by Fed. R. Bankr. P. 9024. The debtors argue that the Judgment is void. The debtors argue first that the Judgment is void because, following the court's decision that the plaintiff Internal Revenue Service (the "Service") was entitled to judgment on its claims for nondischargeability under 11 U.S.C. § 523, the court simultaneously entered judgment in favor the Service on those claims and ordered that the Service's remaining claims brought pursuant to 11 U.S.C. § 727 were dismissed pursuant to Fed. R. Bankr. P 7041. The debtors contend that because Fed. R. Bankr. P. 7041 cannot be used to dismiss individual claims for relief as opposed to entire actions, the court's order dismissing the Service's claims for relief under § 727 effectively dismissed and closed the entire adversary proceeding such that no judgment could be entered against the debtors. However, the fact that the court may have made a technical error in permitting dismissal of the § 727 claims pursuant to Bankruptcy Rule 7041 as opposed to requiring the service to seek amendment of its complaint under Bankruptcy Rule 7105 to eliminate the § 727 claims (see Ethridge v. Harbour House Restaurant, 861 F.2d 1389, 1392 (9th Cir. 1988)) is not a basis upon which the Judgment may be declared void under Rule 60(b)(4). A judgment is not void simply because it is or may have been erroneous. "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." United Student Aid Funds, Inc. v. Espinosa, 130 S.Ct. 1367, 1377 (2010). "Federal courts considering Rule 60(b)(4) motions that assert a judgment is void because of jurisdictional defect generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction." Id. (quoting Nemaizer v. Baker, 793 F.2d 58, 65 (2nd Cir. 1986).

In this case, the debtors have made no showing that the court lacked even an arguable basis for jurisdiction over either the subject matter of this adversary proceeding or the parties to it. There is no question here

that an adversary proceeding to determine the dischargeability of a debt
owed by debtors in bankruptcy, which is a core proceeding "arising under"
the Bankruptcy Code, is squarely within the court's jurisdiction. 28
U.S.C. § 1334(b). The fact that the court may have made an error in
entering an order that dismissed certain claims of the Service that the
court did not render judgment upon does not make the Judgment void.
The debtors also have not shown that there was any violation of due
process that deprived them of notice or an opportunity to be heard,
though the court construes their second argument that "fraud was not
litigated" in this adversary proceeding as an attempt to do so. That
argument is not persuasive because the debtors are plainly wrong. The
issue of the debtors' fraud was litigated in this adversary proceeding.
The debtors misread and selectively quote from the court's Memorandum
Decision on the Service's motion for partial summary judgment; the court
qualified its statement that "[t]he parties admittedly did not litigate
the issue of fraud or fraudulent returns" by pointing out that the issue
was not litigated "in any of the Tax Court proceedings" (Dkt. 45 at
7)(emphasis added). The court then went on to state that each of the
factual findings made by the Tax Court were entitled to preclusive
effect, and then went on to apply those factual findings to the standard
under 11 U.S.C. § 523(a)(1)(C), which provides that taxes are
nondischargeable to the extent that the debtor made a fraudulent return
or willfully attempted in any manner to evade or defeat such tax. The
court went on to conclude that certain portions of the Service's claims
were nondischargeable under § 523(a)(1)(C). In this manner the issue of
fraud was in fact litigated in this adversary proceeding; an evidentiary
hearing or trial was not required for the matter to be litigated. There
is no right to a trial where the evidence is so one sided that one party
must prevail as a matter of law. Anderson v. Liberty Lobby, Inc., 477
U.S. 242, 255 (1986).

Finally, the debtors' argument that the Judgment must be vacated because
they are entitled to a fresh start is not persuasive. As the United
States points out, it is not inconsistent with the policy of the fresh
start for honest debtors for debtors who engage in fraudulent conduct to
be denied that fresh start with respect to some debts.

The court will issue a minute order.

March 1, 2011 at 9:32 a.m. - Page 9

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

In re   Michael T. Carey and Leone R.
     Carey

_____Debtor(s)_____

Internal Revenue Service

     Plaintiff(s),

vs.

Michael T. Carey and Leone R.
Carey

_____Defendant(s)_____

)
)
)
)
)
)
)
)
)
)
)
)
)
)

**FILED**

**04/04/11**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

Bankruptcy Case No.   04-29060-B-7

Adversary Proceeding No. 04-2548

Docket Control No.

## NOTICE OF REFERRAL OF APPEAL TO THE BANKRUPTCY APPELLATE PANEL OF THE NINTH CIRCUIT·

The attached Notice of Appeal has been filed with the Clerk of the U.S. Bankruptcy Court for the Eastern District of California.

**NOTICE IS HEREBY GIVEN** that by virtue of 28 U.S.C. §158, and orders of the Judicial Council of the Ninth Circuit and the U.S. District Court for the Eastern District of California, the appeal has been referred to the Bankruptcy Appellate Panel of the Ninth Circuit.

**NOTICE IS FURTHER GIVEN** that any party other than the appellant wishing to have the appeal heard by the U.S. District Court must, within 30 days of the date of this notice, file with the Clerk of the Bankruptcy Appellate Panel a separate written statement of election to transfer the appeal to the U.S. District Court for the Eastern District of California. Upon receipt of a timely statement of election, the Clerk of the Bankruptcy Appellate Panel shall transfer the appeal to the U.S. District Court for the Eastern District of California, in conformity with the foregoing orders and their provisions for election to district court.

For additional information, you may contact the Clerk of the Bankruptcy Appellate Panel for the Ninth Circuit at 125 S. Grand Ave., Pasadena, CA 91105 (telephone: (626) 229-7225).

Dated:  04/04/11

WAYNE BLACKWELDER, CLERK
U.S. BANKRUPTCY COURT

501 I Street, Suite 3-200
Sacramento, CA 95814-2322
(916) 930-4400
BY: _____
Deputy Clerk

EDC 5-563 (Rev. 9/1/10)



$mbes$

Michael T. Carey,
Leone R. Carey
2205 Hilltop Drive, #147
Redding, California 96002-0511



**FILED**

APR   1 2011

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

## UNITED STATES BANKRUPTCY COURT

### EASTERN DISTRICT OF CALIFORNIA

In re: Michael T. Carey, )     Case No. 04-29060-B-7
Leone R. Carey, Debtors )    **Adv. Pro. No. 04-2548**
                        )
UNITED STATES OF AMERICA )    **CAREYS' NOTICE OF APPEAL**
          Plaintiff     )
                        )
v.                      )
                        )
Michael T. Carey, and   )
Leone R. Carey          )
     Defendants/Movants )
_____/

COMES NOW, Michael T. Carey and Leone R. Carey to give

Notice of Appeal to the court and all parties, that on March 1,

2011, Judge Thomas C. Holman denied Defendant's (Careys) Motion

to Vacate a Void Judgment pursuant to FRBP 9024(b)(4) **(FRCivP**

**Rule 60(b)(4))**. The Careys have not received a minute order from

the Bankruptcy Clerk and therefore submit the Tentative Ruling

for that hearing March 1, 2011 at 9:32 a.m. - Page 9.

We swear under penalty of perjury the forgoing is true and
correct to the best of our knowledge.


Dated this March 30, 2011.

Michael T. Carey,   Seal         Leone R. Carey,   Seal.

12

**Tentative Ruling:** Due to the number of matters on this morning's three related calendars (57 matters), the court issues the following abbreviated tentative ruling.
The motion is denied.

The defendant debtors request that the judgment of nondischargeability entered against them on July 28, 2005 (the "Judgment")(Dkt. 65) pursuant to Fed. R. Civ. P. 60(b)(4), made applicable to this adversary proceeding by Fed. R. Bankr. P. 9024. The debtors argue that the Judgment is void. The debtors argue first that the Judgment is void because, following the court's decision that the plaintiff Internal Revenue Service (the "Service") was entitled to judgment on its claims for nondischargeability under 11 U.S.C. § 523, the court simultaneously entered judgment in favor the Service on those claims and ordered that the Service's remaining claims brought pursuant to 11 U.S.C. § 727 were dismissed pursuant to Fed. R. Bankr. P 7041. The debtors contend that because Fed. R. Bankr. P. 7041 cannot be used to dismiss individual claims for relief as opposed to entire actions, the court's order dismissing the Service's claims for relief under § 727 effectively dismissed and closed the entire adversary proceeding such that no judgment could be entered against the debtors. However, the fact that the court may have made a technical error in permitting dismissal of the § 727 claims pursuant to Bankruptcy Rule 7041 as opposed to requiring the service to seek amendment of its complaint under Bankruptcy Rule 7105 to eliminate the § 727 claims (see Ethridge v. Harbour House Restaurant, 861 F.2d 1389, 1392 (9th Cir. 1988)) is not a basis upon which the Judgment may be declared void under Rule 60(b)(4). A judgment is not void simply because it is or may have been erroneous. "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." United Student Aid Funds, Inc. v. Espinosa, 130 S.Ct. 1367, 1377 (2010). "Federal courts considering Rule 60(b)(4) motions that assert a judgment is void because of jurisdictional defect generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction." Id. (quoting Nemaizer v. Baker, 793 F.2d 58, 65 (2nd Cir. 1986).

In this case, the debtors have made no showing that the court lacked even an arguable basis for jurisdiction over either the subject matter of this adversary proceeding or the parties to it. There is no question here

that an adversary proceeding to determine the dischargeability of a debt
owed by debtors in bankruptcy, which is a core proceeding "arising under"
the Bankruptcy Code, is squarely within the court's jurisdiction. 28
U.S.C. § 1334(b). The fact that the court may have made an error in
entering an order that dismissed certain claims of the Service that the
court did not render judgment upon does not make the Judgment void.
The debtors also have not shown that there was any violation of due
process that deprived them of notice or an opportunity to be heard,
though the court construes their second argument that "fraud was not
litigated" in this adversary proceeding as an attempt to do so. That
argument is not persuasive because the debtors are plainly wrong. The
issue of the debtors' fraud was litigated in this adversary proceeding.
The debtors misread and selectively quote from the court's Memorandum
Decision on the Service's motion for partial summary judgment; the court
qualified its statement that "[t]he parties admittedly did not litigate
the issue of fraud or fraudulent returns" by pointing out that the issue
was not litigated "in any of the Tax Court proceedings" (Dkt. 45 at
7)(emphasis added). The court then went on to state that each of the
factual findings made by the Tax Court were entitled to preclusive
effect, and then went on to apply those factual findings to the standard
under 11 U.S.C. § 523(a)(1)(C), which provides that taxes are
nondischargeable to the extent that the debtor made a fraudulent return
or willfully attempted in any manner to evade or defeat such tax. The
court went on to conclude that certain portions of the Service's claims
were nondischargeable under § 523(a)(1)(C). In this manner the issue of
fraud was in fact litigated in this adversary proceeding; an evidentiary
hearing or trial was not required for the matter to be litigated. There
is no right to a trial where the evidence is so one sided that one party
must prevail as a matter of law. Anderson v. Liberty Lobby, Inc., 477
U.S. 242, 255 (1986).
Finally, the debtors' argument that the Judgment must be vacated because
they are entitled to a fresh start is not persuasive. As the United
States points out, it is not inconsistent with the policy of the fresh
start for honest debtors for debtors who engage in fraudulent conduct to
be denied that fresh start with respect to some debts.
The court will issue a minute order.
March 1, 2011 at 9:32 a.m. - Page 9

14

FILED
March 07, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
D79

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
## CIVIL MINUTE ORDER

| | | | |
|---|---|---|---|
| **Adversary Title :** | Internal Revenue Service v. Carey et al | **Case No :** | **04−29060 − B − 7** |
| | | **Adv No :** | **04−02548 − B** |
| | | **Date :** | 3/1/11 |
| | | **Time :** | 09:32 |

**Matter :**    [71] − Motion/Application to Vacate [65] Judgment Filed by Defendants Leone R. Carey, Michael T. Carey (jgis)

**Judge :**    Thomas Holman
**Courtroom Deputy :**    Sheryl Arnold
**Reporter :**    Diamond Reporters
**Department :**    B

**APPEARANCES for :**
**Movant(s) :**
(by phone)    Defendant − Leone Carey
**Respondent(s) :**
   Plaintiff's Attorney − Thomas M. Rohall

### CIVIL MINUTE ORDER

Findings of fact and/or conclusions of law are appended to the civil minutes and good cause appearing.

IT IS ORDERED that the motion is denied.

Dated: March 07, 2011

Thomas C. Holman
United States Bankruptcy Judge

15

1   BENJAMIN B. WAGNER
2   United States Attorney
3
4   ADAM D. STRAIT
5   Trial Attorney, Tax Division
6   U.S. Department of Justice
7   P.O. Box 683
8   Ben Franklin Station
9   Washington, D.C. 20044-0683
10  adam.d.strait@usdoj.gov
11  Telephone: (202) 307-2135
12  Facsimile: (202) 307-0054
13
14  Attorneys for the United States of America
15
16
17
18              IN THE UNITED STATES BANKRUPTCY
19
20          APPELLATE PANEL FOR THE NINTH CIRCUIT
21

| 22  In re: | BAP No. EC-11-1146 |
| 23  | |
| 24  MICHAEL T. CAREY and | Bankr. No. 04-29060-B-7 (Bankr. E.D. Cal.) |
| 25  LEONE R. CAREY, Debtors. | |
| 26  | Adv. Pro. No. 04-2548 |
| 27  | |
| 28  UNITED STATES OF AMERICA, | **UNITED STATES' STATEMENT OF** |
| 29  | **ELECTION TO HAVE APPEAL** |
| 30          Plaintiff, | **HEARD BY DISTRICT COURT** |
| 31  | |
| 32  v. | |
| 33  | |
| 34  MICHAEL T. CAREY and LEONE R. | |
| 35  CAREY, | |
| 36  | |
| 37          Defendants. | |
| 38  | |

39
40       On April 1, 2011, Defendants Michael and Leone Carey filed a Notice of Appeal in

41  Adversary Proceeding No. 04-2548 (Bankr. E.D. Cal.). (ECF No. 80.) Plaintiff, the United

42  States, hereby respectfully elects to have the appeal heard by the United States District Court for

6705264.1

16

1    the Eastern District of California.  This election is made pursuant to 28 U.S.C. § 158(c)(1)(B)

2    and Federal Rule of Bankruptcy Procedure 8001(e).

3          Accordingly, the United States respectfully requests that the Clerk of the Bankruptcy

4    Appellate Panel transfer the appeal to the United States District Court for the Eastern District of

5    California.

6

7

8    Respectfully submitted this 7th day of April, 2011.

9                                                    BENJAMIN B. WAGNER
10                                                   United States Attorney
11
12                                                   /s/
13                                                   ADAM D. STRAIT
14                                                   Trial Attorney, Tax Division
15                                                   U.S. Department of Justice
16                                                   P.O. Box 683
17                                                   Washington, D.C.  20044-0683
18                                                   adam.d.strait@usdoj.gov
19                                                   Telephone: (202) 307-2135
20                                                   Facsimile: (202) 307-0054
21
22                                                   Attorneys for the United States of America
23

6705264.1

17

**CERTIFICATE OF SERVICE**

I, Adam D. Strait, the undersigned, hereby certify that on April 7, 2011, I sent, by Federal

Express, this Election to the Clerk of the Bankruptcy Appellate Panel for filing.  I further certify

that on the same date, I served a copy of the same document by first-class mail, postage prepaid,

on the following persons at the following addresses:

Michael T. Carey
2205 Hilltop Drive, # 147
Redding, CA 96002

Leone R. Carey
2205 Hilltop Drive, # 147
Redding, CA 96002

Date: April 7, 2011

/s/ _____

ADAM D. STRAIT
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C.  20044-0683
adam.d.strait@usdoj.gov
Telephone: (202) 307-2135
Facsimile: (202) 307-0054

U.S. Election of Appeal to District Court

Page 3 of 3

6705264.1

18

RECEIVED
Susan M. Spraul, Clerk
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

APR - 5 2011

## BANKRUPTCY APPEAL TRANSMITTAL FORM

FILED _____

DOCKETED

TO:       Bankruptcy Appellate Panel of the Ninth Circuit
          125 S. Grand Avenue
          Pasadena, CA 91105

**FILED**
DATE _____  INITIAL _____

**04/04/11**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

FROM:     U.S. Bankruptcy Court
          Eastern District of California
          District Office No. 0972

DATE:     04/04/11

BAP#EC-11-1146

Debtor(s) Name: Michael T. Carey and Leone R. Carey

Bankruptcy Case No. 04-29060-B-7

Adversary Proceeding No. 04-2548

Docket Control No. _____

Bankruptcy Judge (who signed the order): Holman

Date Notice of Appeal Filed:       4/1/11

Date of Entry of Order Appealed From: 3/7/11

Date Bankruptcy Case Filed: 9/7/04

Date Notice of Appeal and
Notice of Referral of Appeal Mailed to Parties: 4/4/11

Filing Fee Paid? (Check One)  [ ]  Yes  [✓] No _____

Deputy Clerk
U.S. Bankruptcy Court

501 I Street, Suite 3-200
Sacramento, CA 95814-2322
(916) 930-4400

EDC 2-850 (Rev. 8/10/10)

19

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | FILED |
|---|---|
| | **04/04/11** |
| | UNITED STATES BANKRUPTCY COURT EASTERN DISTRICT OF CALIFORNIA |

In re  Michael T. Carey and Leone R. )
        Carey                        )
                                     )
                                     )
                                     )
_____Debtor(s)_____ )    Bankruptcy Case No.  04-29060-B-7
                                     )
      Internal Revenue Service       )    Adversary Proceeding No. 04-2548
                                     )
        Plaintiff(s),                )    Docket Control No.
                                     )
vs.                                  )
      Michael T. Carey and Leone R.  )
      Carey                          )
_____Defendant(s)_____ )

## NOTICE OF REFERRAL OF APPEAL TO THE BANKRUPTCY APPELLATE PANEL OF THE NINTH CIRCUIT

The attached Notice of Appeal has been filed with the Clerk of the U.S. Bankruptcy Court for the Eastern District of California.

**NOTICE IS HEREBY GIVEN** that by virtue of 28 U.S.C. §158, and orders of the Judicial Council of the Ninth Circuit and the U.S. District Court for the Eastern District of California, the appeal has been referred to the Bankruptcy Appellate Panel of the Ninth Circuit.

**NOTICE IS FURTHER GIVEN** that any party other than the appellant wishing to have the appeal heard by the U.S. District Court must, within 30 days of the date of this notice, file with the Clerk of the Bankruptcy Appellate Panel a separate written statement of election to transfer the appeal to the U.S. District Court for the Eastern District of California. Upon receipt of a timely statement of election, the Clerk of the Bankruptcy Appellate Panel shall transfer the appeal to the U.S. District Court for the Eastern District of California, in conformity with the foregoing orders and their provisions for election to district court.

For additional information, you may contact the Clerk of the Bankruptcy Appellate Panel for the Ninth Circuit at 125 S. Grand Ave., Pasadena, CA 91105 (telephone: (626) 229-7225).

Dated:  04/04/11                          WAYNE BLACKWELDER, CLERK
                                          U.S. BANKRUPTCY COURT

                                          501 I Street, Suite 3-200
                                          Sacramento, CA 95814-2322
                                          (916) 930-4400
                                          BY: _____
EDC 5-563 (Rev. 9/1/10)                          Deputy Clerk





FILED

APR 1 2011

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

Michael T. Carey,
Leone R. Carey
2205 Hilltop Drive, #147
Redding, California 96002-0511

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re: Michael T. Carey,  )  Case No. 04-29060-B-7
Leone R. Carey, Debtors  )  **Adv. Pro. No. 04-2548**
                          )
UNITED STATES OF AMERICA  )  **CAREYS' NOTICE OF APPEAL**
          Plaintiff       )
                          )
v.                        )
                          )
Michael T. Carey, and     )
Leone R. Carey            )
     Defendants/Movants   )
_____/

COMES NOW, Michael T. Carey and Leone R. Carey to give
Notice of Appeal to the court and all parties, that on March 1,
2011, Judge Thomas C. Holman denied Defendant's (Careys) Motion
to Vacate a Void Judgment pursuant to FRBP 9024(b)(4) **(FRCivP
Rule 60(b)(4))**. The Careys have not received a minute order from
the Bankruptcy Clerk and therefore submit the Tentative Ruling
for that hearing March 1, 2011 at 9:32 a.m. - Page 9.

We swear under penalty of perjury the forgoing is true and
correct to the best of our knowledge.

Dated this March 30, 2011.

Michael T. Carey, Seal       Leone R. Carey, Seal

**Tentative Ruling:** Due to the number of matters on this morning's three related calendars (57 matters), the court issues the following abbreviated tentative ruling.

The motion is denied.

The defendant debtors request that the judgment of nondischargeability entered against them on July 28, 2005 (the "Judgment")(Dkt. 65) pursuant to Fed. R. Civ. P. 60(b)(4), made applicable to this adversary proceeding by Fed. R. Bankr. P. 9024. The debtors argue that the Judgment is void. The debtors argue first that the Judgment is void because, following the court's decision that the plaintiff Internal Revenue Service (the "Service") was entitled to judgment on its claims for nondischargeability under 11 U.S.C. § 523, the court simultaneously entered judgment in favor the Service on those claims and ordered that the Service's remaining claims brought pursuant to 11 U.S.C. § 727 were dismissed pursuant to Fed. R. Bankr. P 7041. The debtors contend that because Fed. R. Bankr. P. 7041 cannot be used to dismiss individual claims for relief as opposed to entire actions, the court's order dismissing the Service's claims for relief under § 727 effectively dismissed and closed the entire adversary proceeding such that no judgment could be entered against the debtors. However, the fact that the court may have made a technical error in permitting dismissal of the § 727 claims pursuant to Bankruptcy Rule 7041 as opposed to requiring the service to seek amendment of its complaint under Bankruptcy Rule 7105 to eliminate the § 727 claims (see Ethridge v. Harbour House Restaurant, 861 F.2d 1389, 1392 (9th Cir. 1988)) is not a basis upon which the Judgment may be declared void under Rule 60(b)(4). A judgment is not void simply because it is or may have been erroneous. "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." United Student Aid Funds, Inc. v. Espinosa, 130 S.Ct. 1367, 1377 (2010). "Federal courts considering Rule 60(b)(4) motions that assert a judgment is void because of jurisdictional defect generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction." Id. (quoting Nemaizer v. Baker, 793 F.2d 58, 65 (2nd Cir. 1986).

In this case, the debtors have made no showing that the court lacked even an arguable basis for jurisdiction over either the subject matter of this adversary proceeding or the parties to it. There is no question here

22

that an adversary proceeding to determine the dischargeability of a debt
owed by debtors in bankruptcy, which is a core proceeding "arising under"
the Bankruptcy Code, is squarely within the court's jurisdiction. 28
U.S.C. § 1334(b). The fact that the court may have made an error in
entering an order that dismissed certain claims of the Service that the
court did not render judgment upon does not make the Judgment void.
The debtors also have not shown that there was any violation of due
process that deprived them of notice or an opportunity to be heard,
though the court construes their second argument that "fraud was not
litigated" in this adversary proceeding as an attempt to do so. That
argument is not persuasive because the debtors are plainly wrong. The
issue of the debtors' fraud was litigated in this adversary proceeding.
The debtors misread and selectively quote from the court's Memorandum
Decision on the Service's motion for partial summary judgment; the court
qualified its statement that "[t]he parties admittedly did not litigate
the issue of fraud or fraudulent returns" by pointing out that the issue
was not litigated "in any of the Tax Court proceedings" (Dkt. 45 at
7)(emphasis added). The court then went on to state that each of the
factual findings made by the Tax Court were entitled to preclusive
effect, and then went on to apply those factual findings to the standard
under 11 U.S.C. § 523(a)(1)(C), which provides that taxes are
nondischargeable to the extent that the debtor made a fraudulent return
or willfully attempted in any manner to evade or defeat such tax. The
court went on to conclude that certain portions of the Service's claims
were nondischargeable under § 523(a)(1)(C). In this manner the issue of
fraud was in fact litigated in this adversary proceeding; an evidentiary
hearing or trial was not required for the matter to be litigated. There
is no right to a trial where the evidence is so one sided that one party
must prevail as a matter of law. Anderson v. Liberty Lobby, Inc., 477
U.S. 242, 255 (1986).
Finally, the debtors' argument that the Judgment must be vacated because
they are entitled to a fresh start is not persuasive. As the United
States points out, it is not inconsistent with the policy of the fresh
start for honest debtors for debtors who engage in fraudulent conduct to
be denied that fresh start with respect to some debts.
The court will issue a minute order.
March 1, 2011 at 9:32 a.m. - Page 9

**FILED**

04/04/11

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**

In re )                                    Bankruptcy Case No.  04-29060-B-7

　　　Michael T. Carey and Leone R.  )       Adversary Proceeding No.  04-2548
　　　Carey                                  )
                                            )       Docket Control No.
                                            )
_____ Debtor(s)  )

### CERTIFICATE OF MAILING

The undersigned clerk in the Office of the United States Bankruptcy Court for this district hereby certifies that copies of the **Notice of Appeal and Notice of Referral of Appeal to the Bankruptcy Appellate Panel of the Ninth Circuit** were mailed today to the following parties at their respective addresses as shown in the Court's records:

Michael T. Carey and
Leone R. Carey
2205 Hilltop Dr #147
Redding, CA 96002

United States Trusteee
501 I St #7-500
Sacramento, CA 95814

Adam D. Strait
PO Box 683 Ben Franklin
Station
Washington, DC
20044-0683

Linda Schuette
PO Box 743
Palo Cedro, CA 96073

Dated: 04/04/11                         BY: _____
                                                                    Deputy Clerk

EDC 3-071 (Rev. 8/10/10)



*mbes*



Michael T. Carey,
Leone R. Carey
2205 Hilltop Drive, #147
Redding, California 96002-0511

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

In re: Michael T. Carey, )    Case No. 04-29060-B-7
<u>Leone R. Carey, Debtors</u> )    Adv. Pro. No. 04-2548
                        )
UNITED STATES OF AMERICA )    **CAREYS' NOTICE OF APPEAL**
        Plaintiff    )
                        )
v.                        )
                        )
Michael T. Carey, and    )
Leone R. Carey         )
      Defendants/Movants   )
_____/

     COMES NOW, Michael T. Carey and Leone R. Carey to give

Notice of Appeal to the court and all parties, that on March 1,

2011, Judge Thomas C. Holman denied Defendant's (Careys) Motion

to Vacate a Void Judgment pursuant to FRBP 9024(b)(4) **(FRCivP**

**Rule 60(b)(4))**. The Careys have not received a minute order from

the Bankruptcy Clerk and therefore submit the Tentative Ruling

for that hearing March 1, 2011 at 9:32 a.m. - Page 9.

We swear under penalty of perjury the forgoing is true and
correct to the best of our knowledge.


Dated this March 30, 2011.

_____          _____
Michael T. Carey,   Seal        Leone R. Carey,   Seal.

**Tentative Ruling:** Due to the number of matters on this morning's three related calendars (57 matters), the court issues the following abbreviated tentative ruling.
The motion is denied.

The defendant debtors request that the judgment of nondischargeability entered against them on July 28, 2005 (the "Judgment")(Dkt. 65) pursuant to Fed. R. Civ. P. 60(b)(4), made applicable to this adversary proceeding by Fed. R. Bankr. P. 9024. The debtors argue that the Judgment is void. The debtors argue first that the Judgment is void because, following the court's decision that the plaintiff Internal Revenue Service (the "Service") was entitled to judgment on its claims for nondischargeability under 11 U.S.C. § 523, the court simultaneously entered judgment in favor the Service on those claims and ordered that the Service's remaining claims brought pursuant to 11 U.S.C. § 727 were dismissed pursuant to Fed. R. Bankr. P 7041. The debtors contend that because Fed. R. Bankr. P. 7041 cannot be used to dismiss individual claims for relief as opposed to entire actions, the court's order dismissing the Service's claims for relief under § 727 effectively dismissed and closed the entire adversary proceeding such that no judgment could be entered against the debtors. However, the fact that the court may have made a technical error in permitting dismissal of the § 727 claims pursuant to Bankruptcy Rule 7041 as opposed to requiring the service to seek amendment of its complaint under Bankruptcy Rule 7105 to eliminate the § 727 claims (see Ethridge v. Harbour House Restaurant, 861 F.2d 1389, 1392 (9th Cir. 1988)) is not a basis upon which the Judgment may be declared void under Rule 60(b)(4). A judgment is not void simply because it is or may have been erroneous. "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." United Student Aid Funds, Inc. v. Espinosa, 130 S.Ct. 1367, 1377 (2010). "Federal courts considering Rule 60(b)(4) motions that assert a judgment is void because of jurisdictional defect generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction." Id. (quoting Nemaizer v. Baker, 793 F.2d 58, 65 (2nd Cir. 1986).

In this case, the debtors have made no showing that the court lacked even an arguable basis for jurisdiction over either the subject matter of this adversary proceeding or the parties to it. There is no question here

that an adversary proceeding to determine the dischargeability of a debt
owed by debtors in bankruptcy, which is a core proceeding "arising under"
the Bankruptcy Code, is squarely within the court's jurisdiction. 28
U.S.C. § 1334(b). The fact that the court may have made an error in
entering an order that dismissed certain claims of the Service that the
court did not render judgment upon does not make the Judgment void.
The debtors also have not shown that there was any violation of due
process that deprived them of notice or an opportunity to be heard,
though the court construes their second argument that "fraud was not
litigated" in this adversary proceeding as an attempt to do so. That
argument is not persuasive because the debtors are plainly wrong. The
issue of the debtors' fraud was litigated in this adversary proceeding.
The debtors misread and selectively quote from the court's Memorandum
Decision on the Service's motion for partial summary judgment; the court
qualified its statement that "[t]he parties admittedly did not litigate
the issue of fraud or fraudulent returns" by pointing out that the issue
was not litigated "in any of the Tax Court proceedings" (Dkt. 45 at
7)(emphasis added). The court then went on to state that each of the
factual findings made by the Tax Court were entitled to preclusive
effect, and then went on to apply those factual findings to the standard
under 11 U.S.C. § 523(a)(1)(C), which provides that taxes are
nondischargeable to the extent that the debtor made a fraudulent return
or willfully attempted in any manner to evade or defeat such tax. The
court went on to conclude that certain portions of the Service's claims
were nondischargeable under § 523(a)(1)(C). In this manner the issue of
fraud was in fact litigated in this adversary proceeding; an evidentiary
hearing or trial was not required for the matter to be litigated. There
is no right to a trial where the evidence is so one sided that one party
must prevail as a matter of law. Anderson v. Liberty Lobby, Inc., 477
U.S. 242, 255 (1986).

Finally, the debtors' argument that the Judgment must be vacated because
they are entitled to a fresh start is not persuasive. As the United
States points out, it is not inconsistent with the policy of the fresh
start for honest debtors for debtors who engage in fraudulent conduct to
be denied that fresh start with respect to some debts.

The court will issue a minute order.

March 1, 2011 at 9:32 a.m. - Page 9

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FILED** | |
| **04/04/11** | |
| UNITED STATES BANKRUPTCY COURT EASTERN DISTRICT OF CALIFORNIA | |

In re   Michael T. Carey and Leone R. )
         Carey                                    )
                                                        )
                                                        )
                                                        )
_____Debtor(s)_____ )      Bankruptcy Case No.   04-29060-B-7
                                                        )
         Internal Revenue Service          )      Adversary Proceeding No. 04-2548
                                                        )
         Plaintiff(s),                          )      Docket Control No.
vs.                                                )
         Michael T. Carey and Leone R.  )
         Carey                                    )
_____Defendant(s)_____ )

## NOTICE OF REFERRAL OF APPEAL TO THE BANKRUPTCY APPELLATE PANEL OF THE NINTH CIRCUIT·

The attached Notice of Appeal has been filed with the Clerk of the U.S. Bankruptcy Court for the Eastern District of California.

**NOTICE IS HEREBY GIVEN** that by virtue of 28 U.S.C. §158, and orders of the Judicial Council of the Ninth Circuit and the U.S. District Court for the Eastern District of California, the appeal has been referred to the Bankruptcy Appellate Panel of the Ninth Circuit.

**NOTICE IS FURTHER GIVEN** that any party other than the appellant wishing to have the appeal heard by the U.S. District Court must, within 30 days of the date of this notice, file with the Clerk of the Bankruptcy Appellate Panel a separate written statement of election to transfer the appeal to the U.S. District Court for the Eastern District of California. Upon receipt of a timely statement of election, the Clerk of the Bankruptcy Appellate Panel shall transfer the appeal to the U.S. District Court for the Eastern District of California, in conformity with the foregoing orders and their provisions for election to district court.

For additional information, you may contact the Clerk of the Bankruptcy Appellate Panel for the Ninth Circuit at 125 S. Grand Ave., Pasadena, CA 91105 (telephone: (626) 229-7225).

Dated: 04/04/11                         WAYNE BLACKWELDER, CLERK
                                                     U.S. BANKRUPTCY COURT

                                                     501 I Street, Suite 3-200
                                                     Sacramento, CA 95814-2322
                                                     (916) 930-4400
                                                     BY: _____
EDC 5-563 (Rev. 9/1/10)                                    Deputy Clerk



$mbes$

Michael T. Carey,
Leone R. Carey
2205 Hilltop Drive, #147
Redding, California 96002-0511



**FILED**

APR  1 2011

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

## UNITED STATES BANKRUPTCY COURT

### EASTERN DISTRICT OF CALIFORNIA

In re: Michael T. Carey, )
Leone R. Carey, Debtors )
                         )
UNITED STATES OF AMERICA )
          Plaintiff      )
                         )
v.                       )
                         )
Michael T. Carey, and    )
Leone R. Carey           )
     Defendants/Movants  )
_____/

Case No. 04-29060-B-7
**Adv. Pro. No. 04-2548**

**CAREYS' NOTICE OF APPEAL**

COMES NOW, Michael T. Carey and Leone R. Carey to give

Notice of Appeal to the court and all parties, that on March 1,

2011, Judge Thomas C. Holman denied Defendant's (Careys) Motion

to Vacate a Void Judgment pursuant to FRBP 9024(b)(4) **(FRCivP**

**Rule 60(b)(4))**. The Careys have not received a minute order from

the Bankruptcy Clerk and therefore submit the Tentative Ruling

for that hearing March 1, 2011 at 9:32 a.m. - Page 9.

We swear under penalty of perjury the forgoing is true and
correct to the best of our knowledge.

Dated this March 30, 2011.

Michael T. Carey,    Seal                Leone R. Carey,    Seal.

**Tentative Ruling:** Due to the number of matters on this morning's three related calendars (57 matters), the court issues the following abbreviated tentative ruling.

The motion is denied.

The defendant debtors request that the judgment of nondischargeability entered against them on July 28, 2005 (the "Judgment")(Dkt. 65) pursuant to Fed. R. Civ. P. 60(b)(4), made applicable to this adversary proceeding by Fed. R. Bankr. P. 9024. The debtors argue that the Judgment is void. The debtors argue first that the Judgment is void because, following the court's decision that the plaintiff Internal Revenue Service (the "Service") was entitled to judgment on its claims for nondischargeability under 11 U.S.C. § 523, the court simultaneously entered judgment in favor the Service on those claims and ordered that the Service's remaining claims brought pursuant to 11 U.S.C. § 727 were dismissed pursuant to Fed. R. Bankr. P 7041. The debtors contend that because Fed. R. Bankr. P. 7041 cannot be used to dismiss individual claims for relief as opposed to entire actions, the court's order dismissing the Service's claims for relief under § 727 effectively dismissed and closed the entire adversary proceeding such that no judgment could be entered against the debtors. However, the fact that the court may have made a technical error in permitting dismissal of the § 727 claims pursuant to Bankruptcy Rule 7041 as opposed to requiring the service to seek amendment of its complaint under Bankruptcy Rule 7105 to eliminate the § 727 claims (see Ethridge v. Harbour House Restaurant, 861 F.2d 1389, 1392 (9th Cir. 1988)) is not a basis upon which the Judgment may be declared void under Rule 60(b)(4). A judgment is not void simply because it is or may have been erroneous. "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." United Student Aid Funds, Inc. v. Espinosa, 130 S.Ct. 1367, 1377 (2010). "Federal courts considering Rule 60(b)(4) motions that assert a judgment is void because of jurisdictional defect generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction." Id. (quoting Nemaizer v. Baker, 793 F.2d 58, 65 (2nd Cir. 1986).

In this case, the debtors have made no showing that the court lacked even an arguable basis for jurisdiction over either the subject matter of this adversary proceeding or the parties to it. There is no question here

that an adversary proceeding to determine the dischargeability of a debt
owed by debtors in bankruptcy, which is a core proceeding "arising under"
the Bankruptcy Code, is squarely within the court's jurisdiction. 28
U.S.C. § 1334(b). The fact that the court may have made an error in
entering an order that dismissed certain claims of the Service that the
court did not render judgment upon does not make the Judgment void.
The debtors also have not shown that there was any violation of due
process that deprived them of notice or an opportunity to be heard,
though the court construes their second argument that "fraud was not
litigated" in this adversary proceeding as an attempt to do so. That
argument is not persuasive because the debtors are plainly wrong. The
issue of the debtors' fraud was litigated in this adversary proceeding.
The debtors misread and selectively quote from the court's Memorandum
Decision on the Service's motion for partial summary judgment; the court
qualified its statement that "[t]he parties admittedly did not litigate
the issue of fraud or fraudulent returns" by pointing out that the issue
was not litigated "in any of the Tax Court proceedings" (Dkt. 45 at
7)(emphasis added). The court then went on to state that each of the
factual findings made by the Tax Court were entitled to preclusive
effect, and then went on to apply those factual findings to the standard
under 11 U.S.C. § 523(a)(1)(C), which provides that taxes are
nondischargeable to the extent that the debtor made a fraudulent return
or willfully attempted in any manner to evade or defeat such tax. The
court went on to conclude that certain portions of the Service's claims
were nondischargeable under § 523(a)(1)(C). In this manner the issue of
fraud was in fact litigated in this adversary proceeding; an evidentiary
hearing or trial was not required for the matter to be litigated. There
is no right to a trial where the evidence is so one sided that one party
must prevail as a matter of law. Anderson v. Liberty Lobby, Inc., 477
U.S. 242, 255 (1986).
Finally, the debtors' argument that the Judgment must be vacated because
they are entitled to a fresh start is not persuasive. As the United
States points out, it is not inconsistent with the policy of the fresh
start for honest debtors for debtors who engage in fraudulent conduct to
be denied that fresh start with respect to some debts.
The court will issue a minute order.
March 1, 2011 at 9:32 a.m. - Page 9

FILED
March 07, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
D79

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
## CIVIL MINUTE ORDER

| | | |
|---|---|---|
| **Adversary Title :** | Internal Revenue Service v. Carey et al | **Case No :  04−29060 − B − 7** |
| | | **Adv No :  04−02548 − B**<br>**Date :**  3/1/11<br>**Time :**  09:32 |

**Matter :** [71] − Motion/Application to Vacate [65] Judgment Filed by Defendants Leone R. Carey, Michael T. Carey (jgis)

**Judge :**  Thomas Holman
**Courtroom Deputy :**  Sheryl Arnold
**Reporter :**  Diamond Reporters
**Department :**  B

**APPEARANCES for :**
**Movant(s) :**
(by phone)  Defendant − Leone Carey
**Respondent(s) :**
Plaintiff's Attorney − Thomas M. Rohall

### CIVIL MINUTE ORDER

Findings of fact and/or conclusions of law are appended to the civil minutes and good cause appearing.

IT IS ORDERED that the motion is denied.

Dated:  March 07, 2011

Thomas C. Holman
United States Bankruptcy Judge

32

1    BENJAMIN B. WAGNER
2    United States Attorney
3
4    ADAM D. STRAIT
5    Trial Attorney, Tax Division
6    U.S. Department of Justice
7    P.O. Box 683
8    Ben Franklin Station
9    Washington, D.C.  20044-0683
10   adam.d.strait@usdoj.gov
11   Telephone: (202) 307-2135
12   Facsimile: (202) 307-0054
13
14   Attorneys for the United States of America
15
16
17
18                 IN THE UNITED STATES BANKRUPTCY
19
20          APPELLATE PANEL FOR THE NINTH CIRCUIT
21
22   In re:                                      BAP No. EC-11-1146
23
24   MICHAEL T. CAREY and                        Bankr. No. 04-29060-B-7 (Bankr. E.D. Cal.)
25   LEONE R. CAREY, Debtors.
26                                               Adv. Pro. No. 04-2548
27
28   UNITED STATES OF AMERICA,                   **UNITED STATES' STATEMENT OF**
29                                               **ELECTION TO HAVE APPEAL**
30          Plaintiff,                           **HEARD BY DISTRICT COURT**
31
32   v.
33
34   MICHAEL T. CAREY and LEONE R.
35   CAREY,
36
37          Defendants.
38
39
40          On April 1, 2011, Defendants Michael and Leone Carey filed a Notice of Appeal in

41   Adversary Proceeding No. 04-2548 (Bankr. E.D. Cal.).  (ECF No. 80.)  Plaintiff, the United

42   States, hereby respectfully elects to have the appeal heard by the United States District Court for

U.S. Election of Appeal to District Court                                    Page 1 of 3

6705264.1

1    the Eastern District of California.  This election is made pursuant to 28 U.S.C. § 158(c)(1)(B)

2    and Federal Rule of Bankruptcy Procedure 8001(e).

3           Accordingly, the United States respectfully requests that the Clerk of the Bankruptcy

4    Appellate Panel transfer the appeal to the United States District Court for the Eastern District of

5    California.

6

7

8    Respectfully submitted this 7th day of April, 2011.

9                                    BENJAMIN B. WAGNER
10                                   United States Attorney
11
12                                   /s/
13                                   ADAM D. STRAIT
14                                   Trial Attorney, Tax Division
15                                   U.S. Department of Justice
16                                   P.O. Box 683
17                                   Washington, D.C.  20044-0683
18                                   adam.d.strait@usdoj.gov
19                                   Telephone: (202) 307-2135
20                                   Facsimile: (202) 307-0054
21
22                                   Attorneys for the United States of America
23

U.S. Election of Appeal to District Court                          Page 2 of 3

6705264.1

34

**CERTIFICATE OF SERVICE**

I, Adam D. Strait, the undersigned, hereby certify that on April 7, 2011, I sent, by Federal

Express, this Election to the Clerk of the Bankruptcy Appellate Panel for filing.  I further certify

that on the same date, I served a copy of the same document by first-class mail, postage prepaid,

on the following persons at the following addresses:

Michael T. Carey
2205 Hilltop Drive, # 147
Redding, CA 96002

Leone R. Carey
2205 Hilltop Drive, # 147
Redding, CA 96002

Date: April 7, 2011

/s/

ADAM D. STRAIT
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C.  20044-0683
adam.d.strait@usdoj.gov
Telephone: (202) 307-2135
Facsimile: (202) 307-0054

U.S. Election of Appeal to District Court

Page 3 of 3

6705264.1

# U.S. Bankruptcy Appellate Panel
# of the Ninth Circuit

125 South Grand Avenue, Pasadena, California 91105
Appeals from Central California (626) 229-7220
Appeals from all other Districts (626) 229-7225

**In Re:** MICHAEL T. CAREY; LEONE R. CAREY

**BAP No.:** EC-11-1146

**Bk. Ct. No.:** 04-29060

**ADV. NO.:** 04-2548

### NOTICE OF TRANSFER OF APPEAL TO DISTRICT COURT

A party to the appeal has timely filed an objection to the disposition of this matter by the Bankruptcy Appellate Panel. See 28 USC Section 158. Consequently, this appeal is herewith transferred to Sacramento.

Please acknowledge receipt of the case file listed above by signing and returning a copy of this transmittal form.

Susan M Spraul, BAP Clerk

By: Vicky Jackson-Walker, Deputy Clerk
Date: April 8, 2011

Please acknowledge receipt of the case file listed above.
Dated:_____

Signed:_____
District Court Deputy

Assigned District Court No.

_____

cc: Bankruptcy Court
      All Parties

Michael & Leone Carey
2205 Hilltop Drive, #147
Redding, CA 96002-0511

April 12, 2011

CERTIFIED MAIL NO: 70032260000111806607
To:  Susan M. Spraul, Clerk
     BAP of the Ninth Circuit
     125 South Grand Ave.
     Pasadena, CA 91105

**RE: Case No. 11-1146**
BANKRUPTCY APPELLATE PANEL
FOR THE NINTH CIRCUIT

RECEIVED
Susan M. Spraul, Clerk
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

APR 1 8 2011

FILED _____
DOCKETED _____
        DATE        INITIAL

## NOTICE OF IMPROPER TRANSFER OF APPEAL TO DISTRICT COURT

We, Michael and Leone Carey, do give this Formal Notice of an improper transfer of our recent appeal, Case No. 11-1146, to the district court away from the BAP.

An attorney seeking to file a document in this Court in a representative capacity must first be admitted to practice before this Court.

The UNITED STATES' STATEMENT OF ELECTION TO HAVE APPEAL HEARD BY DISTRICT COURT (copy enclosed) was signed and filed into this court by an attorney, **Mr. Adam D. Strait**, who is not qualified to represent appellee because Mr. Strait has not been admitted to the Bar of the United States District Court for the Eastern District of California, nor any other district court in the United States.

Therefore, any pleading or document that Mr. Adam D. Strait has filed in a representative capacity regarding Case No. 11-1146 must not be considered by this court. Also, all pleadings that Mr. Adam D. Strait has filed in a representative capacity regarding Case No. 10-1017.

In his April 7, 2011, correspondence to Susan M Spraul, Clerk, Re: **Letter from Michael and Leone Carey dated 3/31/2011,** (copy enclosed) Mr. Strait alleges to be some kind a '*duly appointed*' attorney of Tax Division. He does not state that he was duly appointed under 28 U.S.C. §§ 515 AND 517, but alleges such by reference to 28 U.S.C. §§ 515 AND 517.

1 of 2

37

Chapter 31 and Chapter 35 of Title 28 United States Code,
are very explicit in who the U.S. President appoints and our
Legislators confirm as Executive Officers of the United States,
and statutorily define each Officer's authority.
*See* 28 USC CHAPTER 31 - ATTORNEY GENERAL
Sections 501 - 530 D
At  **http://uscode.house.gov/download/pls/28C31.txt**
and,
*See* 28 USC CHAPTER 35 - UNITED STATES ATTORNEYS
Sections 541 - 550
At **http://uscode.house.gov/download/pls/28C35.txt**

Mr Adam D. Strait is a fraud and has committed a fraud upon
this court and the U.S. District Court for the Eastern district
of California.

Ms. Spraul, you have been put on NOTICE that  **Mr. Adam D.
Strait**, is not qualified to represent appellee, nor to file
pleadings or documents in a representative capacity, nor to
practice before the Bar of this court.

It is your duty to take appropriate actions and to notify
the proper parties of this fraud. Please inform us as to those
actions.

Thank you for your attention to this matter.

Dated this April 12, 2011.

Michael T. Carey

Leone R. Carey



**U.S. Department of Justice**
**Tax Division**

| | |
|---|---|
| *Trial Attorney: Adam D. Strait* | *Civil Trial Section, Western Region* |
| *Telephone:  (202) 307-2135* | *P.O. Box 683*          *For Overnight Mail:* |
| *Facsimile:  (202) 307-0054* | *Ben Franklin Station      555 4th Street, N.W., # 7227* |
| *adam.d.strait@usdoj.gov* | *Washington, D.C. 20044    Washington, DC 20001* |

JAD:RRW:ADStrait
5-11E-13082
CMN 2010100143                                      April 7, 2011

**By first-class mail**

Susan M. Spraul, Clerk
U.S. Bankruptcy Appellate Panel for the Ninth Circuit
125 S. Grand Ave.
Pasadena, CA 91105

              Re:     *Carey v. United States*
                      BAP No. EC-10-1017
                      **Letter from Michael and Leone Carey dated 3/31/2011**

Dear Ms. Spraul:

        I note that Michael and Leone Carey have written to you asking for verification that I am
admitted to practice before the Bankruptcy Appellate Panel. I am an active member in good
standing of the bar of Supreme Judicial Court of Massachusetts, the highest court of that State. I
would be happy to supply my registration number upon request. I am a duly appointed attorney
of the Tax Division of the Department of Justice, which enables me to appear in court on the
United States' behalf. *See* 28 U.S.C. §§ 515, 517.

        Furthermore, pursuant to my appointment, I represent the United States in a number of
district and bankruptcy courts. Most federal courts do not require a formal admission to their bar
for attorneys representing the United States. However, the United States District Court for the
Western District of Washington does. I was admitted to the bar of that Court, conditional on my
continued employment with the federal government, on November 4, 2009. *See* 9th Cir. BAP
Rule 9010-1(b).

        Please feel free to call me at (202) 307-2135 if you have any questions or concerns.

                                        Sincerely yours,

                                        ADAM D. STRAIT
                                        Trial Attorney
                                        Civil Trial Section, Western Region

cc:     Michael & Leone Carey
        2205 Hilltop Dr. # 147
        Redding, CA 96002-0511

6705328.1

39



## U.S. Department of Justice
## Tax Division

*Trial Attorney: Adam D. Strait*
*Telephone: (202) 307-2135*
*Facsimile: (202) 307-0054*
*adam.d.strait@usdoj.gov*
JAD:RRW:ADStrait
5-11E-12498
CMN 2005100929

*Civil Trial Section, Western Region*
*P.O. Box 683*
*Ben Franklin Station*
*Washington, D.C. 20044*

*For Overnight Mail:*
*555 4th Street, N.W., # 7227*
*Washington, DC 20001*

April 7, 2011

**By FedEx**

Susan M. Spraul, Clerk
U.S. Bankruptcy Appellate Panel for the Ninth Circuit
125 S. Grand Ave.
Pasadena, CA 91105

Re:     **BAP No. EC-11-1146**
        Appeal from *Carey v. United States*
        Adv. Pro. No. 04-2548 (Bankr. E.D. Cal.)
        Election of Appellee United States to District Court

Dear Ms. Spraul:

Please file the enclosed **United States' Statement of Election to Have Appeal Heard by District Court** in the case referred to above. This case is an appeal recently taken by Michael and Leone Carey from an Order of the United States Bankruptcy Court for the Eastern District of California. I regret that I am not able to file the Statement of Election electronically, but this case is not yet available on the BAP's CM/ECF system, and due to the possibility of a government shutdown beginning shortly, I wish to ensure that the United States' Statement of Election is timely filed.

Please feel free to call me at (202) 307-2135 if you have any questions or concerns.

Sincerely yours,

ADAM D. STRAIT
Trial Attorney
Civil Trial Section, Western Region

Enclosure as stated.

cc (by first-class mail):
        Michael Carey
        2205 Hilltop Dr. # 147
        Redding, CA 96002-0511

        Leone Carey
        2205 Hilltop Dr. # 147
        Redding, CA 96002-0511

6708505.1

40

## BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT
125 South Grand Avenue
Pasadena, California 91105

Susan M. Spraul                                         (626) 229-7225
Clerk of Court

April 20, 2011

Leone and Michael Carey
2205 Hilltop Drive #147
Redding, CA 96002

RE:   BAP Case No. EC 10-1017
      BAP Case No. EC-11-1146

Dear Mr. and Mrs. Carey:

     I am in receipt of your April 12 letters in connection with
each of the above-referenced cases.  Neither of these cases is
currently pending before the BAP.  Therefore the BAP lacks
jurisdiction over these cases.

     You appealed Case No. EC-10-1017 to the Ninth Circuit Court
of Appeals on December 27, 2010.  Your notice of appeal was
forwarded to the Ninth Circuit Court of Appeals on January 13,
2011.

     Case No. EC-11-1146 was transferred to the United States
District Court for the Eastern District of California on April 8,
2011, in accordance with the objection to BAP jurisdiction filed
April 8, 2011.

     As these cases are no longer pending before the BAP, no
action will be taken in response to your letters.

                         Sincerely,

                         Susan M Spraul

                         Susan M. Spraul
                         Clerk of Court

cc: Adam D. Strait

# Selected docket entries for case 11−1146

Generated: 04/22/2011 12:44:21

| Filed | Document Description | Page | Docket Text |
|---|---|---|---|
| 04/08/2011 | Main Document | 2 | Received notice of appeal filed in Bankruptcy Court on 04/01/2011, notice of referral, transmittal form. |
| 04/08/2011 | Main Document | 16 | Filed Attorney Adam D Strait for Appellee United States of America original and 0 copies of an Objection to BAP jurisdiction; served on 04/07/2011. |
| 04/08/2011 | | | Notice sent 04/08/2011 to District Court transferring appeal per objection. |
| | Notice of appeal | 19 | |
| | Election | 33 | |
| | District Court Notice Sent | 36 | |
| 04/08/2011 | | | CLOSED: Case closed: Election without judicial action; 04/08/2011 EC−11−1146 Transferred by election. |
| 04/20/2011 | Main Document | 37 | Received letter from Leone R. Carey and Michael T. Carey dated: 04/12/2011 Re: Case transfer to District Court. |
| 04/20/2011 | Main Document | 45 | Correspondence to Leone and Michael Carey re: case EC−11−1146 has been transferred to the U.S. District. |

1

**General Docket**
**U. S. Bankruptcy Appellate Panel for the Ninth Circuit**

---

**Bankruptcy Appellate Panel Docket #:** 11-1146
Michael Carey, et al v. United States of America
**Appeal From:** California Eastern - Sacramento
**Fee Status:** fee due

---

**Case Type Information:**
**1)** Bankruptcy
**2)** Chapter 7 Non-Business - Adv
**3)** null

---

**Originating Court Information:**
**District:** 0972-2 : 04-29060                                                                    **Adv**
**Trial Judge:** Thomas C. Holman, U.S. Bankruptcy Judge
**Date Filed:** 09/07/2004

| **Date Order/Judgment:** | **Date NOA Filed:** | **Date Rec'd BAP:** |
|---|---|---|
| 03/07/2011 | 04/01/2011 | 04/05/2011 |

---

**Prior Cases:**
    None

**Current Cases:**
    None

---

**Panel Assignment:**     Not available

---

In re: MICHAEL T. CAREY
            Debtor

LEONE R. CAREY
            Debtor

------------------------------


| | |
|---|---|
| MICHAEL T. CAREY<br>            Appellant | Michael T. Carey<br>[NTC Pro Se]<br># 147<br>2205 Hilltop Drive<br>Redding, CA 96002-0511 |
| LEONE R. CAREY<br>            Appellant | Leone R. Carey<br>[NTC Pro Se]<br># 147<br>2205 Hilltop Drive<br>Redding, CA 96002-0511 |
| v. | |
| UNITED STATES OF AMERICA<br>            Appellee | Adam D. Strait, Trial Attorney<br>Direct: 202-307-2135<br>[COR LD NTC Retained]<br>U.S. Department of Justice Tax Divisio<br>Civil Trial Section, Western Region |

P.O. Box 683
Washington, DC 20044

In re:  MICHAEL T. CAREY; LEONE R. CAREY

         Debtors

------------------------------

MICHAEL T. CAREY; LEONE R. CAREY

         Appellants

v.

UNITED STATES OF AMERICA

         Appellee

| | | |
|---|---|---|
| 04/08/2011 | 14 pg, 2.6 MB | Received notice of appeal filed in Bankruptcy Court on 04/01/2011, notice of ref |
| 04/08/2011 | 3 pg, 367.46 KB | Filed Attorney Adam D Strait for Appellee United States of America original and BAP jurisdiction; served on 04/07/2011. (VJ) |
| 04/08/2011 | 18 pg, 2.99 MB | Notice sent 04/08/2011 to District Court transferring appeal per objection. (VJ) |
| 04/08/2011 | | CLOSED: Case closed: Election without judicial action; 04/08/2011 EC-11-1146 (VJ) |
| 04/20/2011 | 8 pg, 1.11 MB | Received letter from Leone R. Carey and Michael T. Carey dated: 04/12/2011 R Court. (VJ) |
| 04/20/2011 | 1 pg, 144.66 KB | Correspondence to Leone and Michael Carey re: case EC-11-1146 has been tra (VJ) |

Clear All

◉ **Documents and Docket Summary**
○ **Documents Only**

☑ **Include Page Numbers**

**Selected Pages:** 0          **Selected Size:** 0 KB

View Selected

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 04/22/2011 12:43:23 | | | |
| **PACER Login:** | us5194 | **Client Code:** | |
| **Description:** | Docket Report (full) | **Search Criteria:** | 11-1146 |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |